UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
FEB - 7 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | 4:19CR095 HEA |
| ADEE DASCALO, ) | |
| Defendant. ) | |

## INFORMATION

The United States Attorney charges that:

### COUNT I
### (Conspiracy to Launder Monetary Instruments)

**The Conspiracy**

1. Between on or about December 2015 and April 2016, in the Eastern District of Missouri and elsewhere, the defendant,

**ADEE DASCALO**

did knowingly combine, conspire, and agree with M.D. and others to commit offenses against the United States in violation of Title 18, United States Code, Section 1957, to wit, to knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the transfer of $500,000 on April 11, 2016 from a Bank of America business checking account ending in #2268 to the defendant's personal Bank of America checking account ending in #0108 and from there into her parents' personal account ending in #8079, with at least $10,000.01 of such property having been derived from a specified unlawful activity, that

1

is, the illegal distribution of controlled substances, in violation of Title 18, United States Code, Section 1957.

## Manner and Means

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

2. It was the purpose of the conspiracy that the defendant's business would be used to facilitate M.D.'s drug trafficking activities. The defendant was the 95% owner of MD Electric Recycling, Inc. ("MD Recycling"). M.D. was a 5% owner in the company. MD Recycling was in the business of buying catalytic converters, stripping the precious metals from such converters and selling the precious metals to other companies. MD Recycling had a business checking account at Bank of America with an account number ending in 2268.

3. It was part of the conspiracy to make significant cash withdrawals from the MD Recycling account so that M.D. and others could purchase illegal controlled substances.

4. It was also a part of the conspiracy that M.D. and others would then transport the illegal controlled substances via vehicle to Missouri where the controlled substances were sold, with M.D. and others then transporting the proceeds back to California. A portion of those proceeds, at least $10,000.01, was directly deposited into the MD Recycling Bank of America account and co-mingled with legitimate business funds.

5. It was further a part of the conspiracy that the defendant authorized the purchase and use of a safe deposit box at a Bank of America location in St. Louis, Missouri, to allow M.D. and others working with him to deposit the proceeds of the illegal controlled substances sales for safe keeping until it could physically be taken back to California.

6.  It was also a part of the conspiracy that the defendant would assist in obtaining airline tickets for various individuals for travel to and from St. Louis so that such individuals could aid M.D.'s drug trafficking activities.

7.  On April 10, 2016, law enforcement officers arrested M.D. and eight others at a local automotive shop in St. Louis, Missouri. The arrest occurred shortly after M.D. and others off-loaded approximately 65 pounds of methamphetamine (gross weight) from M.D.'s vehicle, which was parked inside the garage.

8.  During the day of the arrest, M.D. made a cellular telephone call to the defendant which was monitored by law enforcement agents. During the call, M.D. instructed the defendant to "move the material."

9.  On April 11, 2016, as instructed and as part of the conspiracy, the defendant transferred $500,000 from the MD Recycling account, to her personal Bank of America checking account ending in #0108 and then into her parents' personal account ending in #8079 in an attempt to prevent the funds from being seized by the Government because the defendant knew that at least $10,000.01 of the $500,000 that was being transferred consisted of criminally derived property from M.D.'s illegal drug trafficking activities.

All in violation of Title 18, United States Code, Section 1956(h).

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

_____
KYLE T. BATEMAN, #996646DC
Assistant United States Attorney

3

UNITED STATES OF AMERICA )
EASTERN DIVISION )
EASTERN DISTRICT OF MISSOURI )

I, Kyle T. Bateman, Assistant United States Attorney for the Eastern District of Missouri, being duly sworn, do say that the foregoing information is true as I verily believe.

*/s/ Kyle T. Bateman*
KYLE T. BATEMAN

Subscribed and sworn to before me this 2nd day of January, 2019.

*/s/ Gregory Linhares*
CLERK, U.S. DISTRICT COURT

By: */s/ Elizabeth Kirkland*
DEPUTY CLERK

4